SAOFAIGALI'I MAULUPE, LILIU MAULUPE,
and LIALIA MAULUPE, Plaintiffs

v.

AMERICAN INTERNATIONAL UNDERWRITERS
(SOUTH PACIFIC), ISAPELI VAENUKU,
JACK LIU, and ESE LIU, Defendants

High Court of American Samoa
Trial Division

CA No. 52-88

July 13, 1989

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and
AFUOLA, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendant A.I.U., Roy J.D. Hall, Jr.
For Defendants Liu, Asaua Fuimaono

On or about September 1, 1988, plaintiff Liliu Maulupe,
accompanied by her mother Lialia Maulupe, drove to "Pago Pago
International Airport" to await the arrival of her father, Saofaigali'i
Maulupe, who was returning from an off-island trip. The vehicle she

1

was driving was registered in the name of her father. Liliu testified that as she approached the intersection by the Army Reserve compound, she noticed a pickup truck speeding towards the intersection. However, she continued towards the airport anticipating that the pickup would give way and stop in compliance with the posted stop sign at the intersection. As it happened, the pickup truck ran the stop sign and collided into the side of the Maulupes' vehicle. Both plaintiffs, Liliu and Lialia Maulupe, suffered certain injuries, while their vehicle was later declared a total loss.

The pickup belonged to defendants Jack and Ese Liu who had been travelling overseas for a month and who were also returning to the territory on the same flight as Mr. Maulupe. Liu had taken out compulsory third party liability insurance on the vehicle as required by A.S.C.A. §§ 22.2001 et seq. with defendant American International Underwriters (South Pacific) (hereinafter referred to as "A.I.U."). However, the pickup truck at the time of collision was driven by defendant Isapeli Vaenuku, an unlicensed driver.

Jack Liu testified that defendant Vaenuku was employed in his shop and that she was a very good employee. He had sponsored her for immigration purposes and he had also furnished her living quarters, situated to the rear of his family residence, which Vaenuku occupied with her own family. Liu also testified that he had several business vehicles which he parked at home after hours. He further testified that defendant Vaenuku's duties did not require her to drive nor had she ever driven any of these vehicles before. Liu also stated that he started his business at home and that he continues to maintain his old office space in the house for business use. This room he kept locked and at the same time he kept therein a locked cabinet for all his vehicle keys. Liu further testified that while he and his wife were away, he had arranged for his sister-in-law to open and close his business premises each day. He testified that his sister-in-law would each day use the said pickup truck for these purposes and that she had, at the time, the vehicle key with her. Liu discovered, however, that Vaenuku had in fact obtained the spare key which was kept in the locked cabinet. This defendant had admitted to him that she had been under the influence of alcohol when she decided to take the pickup truck and that she had forced the locks to the office and key cabinet.

*Liability*

There is no doubt that defendant Vaenuku was negligent and that her negligence was the proximate cause of the personal and property

2

injuries to plaintiffs. In so concluding, we rule out the insurance company's argument of comparative negligence on the part of plaintiff Liliu Maulupe. Although this plaintiff had noticed the approaching pickup truck and admitted hurrying to the airport knowing that her father's plane had landed, we hold that it was reasonable for her in the circumstances to expect that the pickup truck would come to a halt and give way. The only real questions before us are whether defendant Liu may be held vicariously[1] liable to plaintiffs and whether A.I.U. is liable as insurer within the provisions of A.S.C.A. §§ 22.2001 et seq.

We conclude on the evidence that Jack Liu is not vicariously liable to plaintiffs for the negligent acts/omissions of defendant Vaenuku. The latter had simply taken the pickup truck for a joyride with friends. Her actions were unauthorized and without any purpose referable to the fact that she worked for Mr. Liu.

With regard to A.I.U., the insurance company contested the existence of a policy on the ground that its insurance contract with Jack Liu had expired the day before the collision. The evidence reveals that A.I.U. had notified Liu thirty days beforehand of the pendency of the contract's expiration date. Its notice, which invited renewal, was sent to Liu's office while he was off-island. Alternatively, A.I.U. argues that even if the policy had not expired, coverage would not be available in the circumstances as defendant Vaenuku was not an insured permittee within the provisions of the compulsory insurance statute. We find merit in this argument. Accordingly we need not address the question of whether or not there was an insurance contract in effect.

Coverage mandated by the compulsory insurance statute includes "any . . . person who uses the [insured] vehicle . . . with the express or implied permission of the named insured against loss from liability imposed by law for damages." A.S.C.A. § 22.2003(2). There is no evidence of express consent in this matter; however, counsel for plaintiff contends that implied permission may be inferred from an employment relationship, and, in addition, from circumstances which essentially depict a setting of household familiarity and therefore the sort of acquiescence typical with intra-family borrowing.

---

[1] There was simply nothing in the evidence on which to base a claim of primary liability on the part of Mr. Liu.

3

"Implied" permission resulting in extending liability insurance coverage to the non-owner driver, within the meaning of the enactment, involves an inference from a course of conduct or relationship between the vehicle owner and driver in which there is mutual acquiescence or lack of objection under circumstances signifying consent. *Sataua v. Himphill*, 5 A.S.R.2d 61 (1987); *Toleafoa v. Sioka*, 5 A.S.R.2d 18 (1987). It is permission which may be inferred from circumstances whereby the owner may be seen as having tacitly consented to the vehicle's use. For example, a showing that the owner had tolerated the driver's past use of his vehicle may sufficiently indicate permission to the fact finder. By requiring the extension of compulsory insurance coverage to include the driver with "implied permission," the Legislature was obviously concerned with eliminating any opportunity for an otherwise acquiescent vehicle owner to deny, based on his subjective intentions, the existence of permission after the fact of third-party injury. However, that consent or permission, whether expressed or implied, must be effectively shown. As stated in *Sataua v. Himphill*, "[t]he statutory criterion is 'consent' and that fact must appear on the evidence in order to bring the wrongful acts of a driver within the coverage of compulsory insurance policies." 5 A.S.R.2d at 68.

On the evidence presented, it is difficult to find any basis for concluding that defendant Jack Liu tacitly consented to use of his car. The driver Vaenuku's actionable use of the pickup truck arose under the following circumstances: the owner, Jack Liu, and his wife were off-island; in his absence, the key to the truck was given by Jack Liu to his sister-in-law; his sister-in-law retained possession of that key; the driver drove the truck by using the spare key to the vehicle; she obtained the spare key by breaking two different locks within Liu's premises; her use of any of Liu's vehicles was unprecedented. Against this, plaintiff urges us to draw the appropriate inferences of permissive use from the relationship of employment and the household relationship which plaintiff contends existed between the parties. We are unable to find implied permission within the meaning of A.S.C.A. § 22.2003(2).

On the foregoing, the complaint against Jack Liu, Ese Liu, and A.I.U. shall be dismissed. Having concluded actionable conduct on the part of defendant Vaenuku, we next consider damages.

*Damages*

As a result of the collision, plaintiff Lialia Maulupe suffered a laceration to her head requiring stitches and she also experienced pains

about the head area and on her right arm. She attended an outpatient clinic over the following two week period and her primary complaint was of a lot of pain. She also missed a few days at work claiming $94.80 in lost income. We assess Lialia Maulupe's damages for pain and suffering in the amount of $1500 and in addition she is awarded $95.00 in lost income --- a total of $1,595.00.

Plaintiff Liliu Maulupe suffered cuts and abrasions to her head and facial area as the result of being thrown against glass. She was admitted for two days of observation and, fortunately, she had escaped potentially serious injury, having worn her seat belt at the time. Liliu also attended hospital on an outpatient basis over the next two weeks for pain experienced to her back and head area. She lost work days also for which she claims $104.00. We assess Liliu Maulupe's damages for pain and suffering in the amount of $1500 and allow damages for lost income in the amount of $104 --- a total of $1,604.00.

Saofaigali'i Maulupe prays for damages in the amount of $4,740 for vehicle loss plus an additional $3000 for "alternate transport and inconvenience." He testified that his vehicle was declared a total loss and that after the accident, it was towed to a mechanic's yard where it remains today. He also testified that he purchased the said vehicle in 1985 and together with finance charges he had paid over $10,000 for it. We find the amount of $4,740 claimed as reasonably reflecting the value of the vehicle at the time of loss. We find no basis, however, to sustain plaintiff's additional claim of $3,000 for alternate transport and inconvenience. Liu allowed plaintiff the use of a vehicle for a period of one week after the collision. Mr. Maulupe purchased another vehicle two months after the collision. Taking into account his duty to mitigate damages, we allow Mr. Maulupe the additional sum of $500 for loss of use.

On the foregoing, we dismiss the complaint as against Jack and Ese Liu and A.I.U., and plaintiffs take nothing thereby. Judgment will enter against defendant Isapeli Vaenuku in favor of plaintiffs as follows: Lialia Maulupe, damages in the amount of $1,595.00; Liliu Maulupe, damages in the amount of $1,604.00; and Saofaigali'i Maulupe, damages in the amount of $5,240.00.

It is so Ordered.